AARON DAVID SCHNEIDER and MARTIN SCHNEIDER, as Executors, etc., of DAVID SCHNEIDER, Deceased, Plaintiffs, *v.* AMERICAN TELEPHONE AND TELEGRAPH COMPANY and LEONARD TOPPER, as Executor, etc., of DAVID SCHNEIDER, Deceased, Defendants, and CORN EXCHANGE BANK TRUST COMPANY, TRADE BANK OF NEW YORK and LEONARD S. TOPPER, Impleaded Defendants.

Supreme Court, Special Term, New York County, January 31, 1939.

*Otterbourg, Steindler & Houston,* for the plaintiffs.

*Bigham, Englar, Jones & Houston,* for the defendant American Telephone and Telegraph Company.

*Laughlin, Gerard, Bowers & Halpin,* for the impleaded defendant Corn Exchange Bank Trust Company.

*Lilienstern & Gettinger,* for the impleaded defendant Trade Bank of New York.

PECORA, J.   This action is by two of the executors of the estate of David Schneider to compel the American Telephone and Telegraph Company to issue to the plaintiffs a certificate for ten shares of its capital stock or, in the alternative, to recover the value of such stock.   The controversy arises from the following facts:

The deceased was the owner of ten shares of stock of the defendant company, evidenced by certificate No. 88642. He died on January 7, 1936, leaving a will under which the two executors named as plaintiffs qualified, together with a third executor, the defendant Leonard S. Topper. The executors indorsed the certificate, filling in the name of " Estate of David Schneider " as transferee. The certificate was presented to the Corn Exchange Bank Trust Company at its Eighty-sixth street branch, where the estate had its account, and the assistant manager put a rubber stamp " Signature correct " upon the certificate and signed it in the name of the bank. The signatures thus certified were those of Aaron David Schneider and Leonard S. Topper as executors. The certificate was then given to Topper for the purpose of completing the transfer so that a new certificate would be issued in the name of the Estate of David Schneider. He, however, committed the following forgeries on it: He erased the name of the transferee, Estate of David Schneider, and substituted for it his own name. He also erased the indorsement of the two executors, including his own, and in place thereof wrote " David Schneider." The effect of this alteration was to make it appear that David Schneider during his life had personally transferred the certificate to Leonard S. Topper.

With the certificate containing this forged indorsement, Topper took it to the Trade Bank of New York where he used it as collateral for a loan of $425 to himself. At about the same time he executed a blank power of attorney to be used by the Trade Bank of New York on the new certificate to be issued. Thereafter, on June 19, 1936, the Trade Bank of New York presented the certificate to the transfer office of the American Telephone and Telegraph Company for transfer to the name of Leonard S. Topper. That office asked for a bank guaranty of the signature on the assignment, namely, that of David Schneider, and, accordingly, a messenger went to the main office of Corn Exchange Bank Trust Company for a guaranty of the signature. The vice-president of that bank, undoubtedly influenced by the previous signature of the assistant manager of its Eighty-sixth street branch, failed to detect the alteration that had been made, stamped the certificate " Signature Guaranteed, Corn Exchange Bank Trust Company, E. B. McKenzie, vice-president," without making any inquiries of such assistant manager as to the circumstances under which he had affixed and signed the rubber stamp " Signature correct." The stock certificate, thus stamped with the guaranty of signature, was thereupon taken by the Trade Bank messenger to the transfer office of the company, which transferred it out of the name of David Schneider by issuing a new certificate for ten shares in the name of Leonard S. Topper.

Subsequently the Trade Bank advanced additional loans to Topper upon the security of the stock certificate, and later sold it at the direction of Topper and credited him with the proceeds, thereby liquidating his loans.

On May 5, 1937, the forgery and wrongful transfer were discovered and demand was made by plaintiffs for the issue of a new certificate. This demand was refused, and this action was, accordingly, brought. The defendant American Telephone and Telegraph Company has impleaded both the Corn Exchange Bank Trust Company and Trade Bank to answer to it in the event that judgment is rendered against it.

Several of the parties have asserted a defense against the action as regards the plaintiffs, alleging as a ground that the faithless executor, Topper, had title to the stock although he was only one of three executors, and contending that the company had a right to issue a new certificate to him as legal owner. The argument in this direction is somewhat disingenuous. An executor has legal title to the assets of the estate in a fiduciary capacity. When, however, he uses those assets for his individual purposes and fraudulently causes them to be transferred to him as individual owner, he is guilty of converting or embezzling them. When Topper presented the certificate with a forged indorsement of the deceased and he or his agent received a new certificate in his own name, he became an embezzler. The cancellation of the old certificate by the American Telephone and Telegraph Company was wrongful as against the estate, and it must answer to the estate for its value.

The company, however, is entitled to a judgment over against one or both of the banks, and the question now presents itself as to the relative liability of the Corn Exchange Bank Trust Company and Trade Bank of New York. The proximate cause which actuated the company to issue the new certificate was undoubtedly the negligence of the Corn Exchange Bank Trust Company in certifying to the correctness of the forged signature of David Schneider. That guaranty makes the Corn Exchange Bank Trust Company liable for the full amount of the loss to which the telephone company is subjected.

In what position does this leave the Trade Bank of New York? The latter had already loaned to Topper, the forger, the sum of $425 at the time the certificate was presented for indorsement. It was not on the faith of the guaranty by Corn Exchange Bank Trust Company that Trade Bank made that initial loan. Corn Exchange Bank Trust Company is, therefore, entitled to reimbursement from Trade Bank to the extent of the amount which it had

already loaned to Topper against the forged certificate prior to its presentation to Corn Exchange Bank Trust Company for its guaranty of the forged signature of the deceased David Schneider. To simplify the mechanics of the situation a number of intermediate steps are here omitted.

The equities arising from these acts lead me to the following decision: There should be a judgment against the American Telephone and Telegraph Company for the value of the stock, which I fix at the sum of $1,600, and a judgment over against Corn Exchange Bank Trust Company in that sum, with judgment in favor of the latter against Trade Bank in the sum of $425. The various sums will bear interest from the 19th day of June, 1936. The Trade Bank and Corn Exchange Bank may have judgment over in the aggregate sum of $1,600, with interest, as against Topper.

Submit findings and judgment in accordance herewith.